IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DONALD WASHINGTON,        §
      Plaintiff,               §
                                §       3:10-CV-1137-P
v.                        §
                                §
ORCHARD BANK, ET AL.,     §
      Defendant.               §

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### BACKGROUND

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Orchard Bank, Household Credit Services, Union Plus Mastercard and Intermountain Community Bank. Plaintiff claims he and Defendants entered into a contract providing that if Plaintiff opened a savings account with the Defendants, Plaintiff would receive a Union Plus Secured Credit Card (credit card) with a credit limit equal to the balance in the savings account. Plaintiff would then earn interest on the money in the savings account as long as the credit card account was in good standing. Plaintiff could increase the credit limit on the credit card by making deposits in $100 increments into the savings account. At an unspecified time, Plaintiff claims he made a deposit in the amount of $100 to his savings account. Plaintiff claims Defendants never credited the deposit to his savings account, never paid him interest on the deposit, and continuously increased the balance due on the savings account despite Plaintiff's

request to close the account, thus breaching the contract. He seeks money damages. The Court did not issue process, pending preliminary screening.

**SCREENING**

A district court may summarily dismiss a complaint filed in forma pauperis if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**DISCUSSION**

Federal courts are courts of limited jurisdiction; "they possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

Plaintiff's complaint raises a state law claim of breach of contract. He states, however, that this Court has diversity jurisdiction under 28 U.S.C. § 1332. To obtain diversity jurisdiction, the plaintiff must first exceed the threshold amount in controversy, which is

$75,000.

Plaintiff states the amount in controversy exceeds $75,000. For Plaintiff's amount in controversy claim to be accepted, "the plaintiff must allege *facts* that show that the amount in controversy exceeds $75,000." *Mugweni v. Mugweni*, 2009 WL 426038, slip op at *2 (E.D. Tex. 2009)(emphasis added). Further, "bare allegations of jurisdictional facts have been held insufficient to invest a federal court with jurisdiction." *Id.* (citing *St. Paul Reinsurance Vo., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). In this case, Plaintiff has failed to provide facts to support his amount in controversy claim. Plaintiff' states only that he made a $100 deposit, that he has lost any interest he would have earned on the $100, and that there exists an unspecified liquidated damages clause in the contract. The allegations fail to establish facts showing the amount in controversy exceeds $75,000. Plaintiff has failed to establish that diversity jurisdiction exists in this case.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed without prejudice.

Signed this 18TH day of October, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).